UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**TRENK ISABEL SIDDIQI
  & SHAHDANIAN P.C.**
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, New Jersey 07039
Telephone:  (973) 533-1000
Email:  rtrenk@tisslaw.com
Email:  rroglieri@tisslaw.com

*Proposed Counsel to J.F.M. 6090, Inc., JFM
Spring LLC, and JFM Sparta LLC,
Chapter 11 Debtors and Debtors-in-Possession*

Order Filed on May 14, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>J.F.M. 6090, INC., d/b/a BURGER KING,<br><br>        Debtor. | Chapter 11<br><br>Case No. 26-15123 (JKS)<br><br>(PROCEDURALLY CONSOLIDATED) |
| In re:<br><br>JFM SPRING LLC, d/b/a BURGER KING,<br><br>        Debtor. | Chapter 11<br><br>Case No. 26-15124 (JKS) |
| In re:<br><br>JFM SPARTA LLC, d/b/a BURGER KING,<br><br>        Debtor. | Chapter 11<br><br>Case No. 26-15275 (JKS)<br><br>Hearing Date:  May 14, 2026 |

## INTERIM ORDER AUTHORIZING
## DEBTORS' USE OF CASH COLLATERAL

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby

**ORDERED**.

**DATED: May 14, 2026**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)

| | |
|---|---|
| Debtor: | J.F.M. 6090, INC.; JFM Spring LLC; JFM Sparta LLC d/b/a Burger King |
| Case No.: | 26-15123(JKS); 26-15124 (JKS); 26-15275(JKS) (Procedurally Consolidated) |
| Caption of Order: | Interim Order Authorizing Debtors' Use of Cash Collateral |

This matter is before the Court on the motion (the "**Motion**")[1] of J.F.M. 6090, Inc., JFM Spring LLC, JFM Sparta, LLC d/b/a Burger King, Chapter 11 debtors and debtors-in-possession (the "**Debtors**"), by and through its proposed counsel, Trenk Isabel Siddiqi & Shahdanian P.C., for interim and final orders authorizing Debtors to use cash collateral pursuant to title 11 of the United States Code (the "**Bankruptcy Code**") sections 105, 363(c)(2)(B), 363(e), and 507(b), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-4 of the District of New Jersey's Local Bankruptcy Rules (the "**Local Bankruptcy Rules**").  Notice of the application together with notice of the preliminary hearing thereon has been given and served by Debtors to (1) the United States Trustee, (2) all secured creditors, and (3) Debtors' twenty (20) largest unsecured creditors.  The Court considered the Motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.     **Notice and Hearing**.  Notice of the Motion and of the preliminary hearing on the Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.     **Chapter 11 Filed.**  Debtors J.F.M. 6090, Inc. and JFM Spring LLC filed petitions under Chapter 11 of the Bankruptcy Code on May 5, 2026 and Debtor JFM Sparta LLC filed its petition under Chapter 11 of the Bankruptcy Code on May 11, 2026 (the "**Petition Dates**"), and

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to such term in the Motion.

4927-7532-4692, v. 1

(Page 3)

| | |
|---|---|
| Debtor: | J.F.M. 6090, INC.; JFM Spring LLC; JFM Sparta LLC d/b/a Burger King |
| Case No.: | 26-15123(JKS); 26-15124 (JKS); 26-15275(JKS) (Procedurally Consolidated) |
| Caption of Order: | Interim Order Authorizing Debtors' Use of Cash Collateral |

is presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or official committee of unsecured creditors (a "**Committee**") has been appointed in this chapter 11 case.

C.     **Pre-Petition Debt.**  First Franchise Capital Corp. ("**FFCC**") asserts an aggregate claim against the Debtors in the approximate amount of $3,259,108.17 as of March 2, 2026, secured by liens on the FFCC Collateral.  The Debtors dispute this amount.  In addition, the U.S. Small Business Administration ("**SBA**", and collectively with FFCC, the "**Lienholders**") asserts a claim against the Debtors in the amount of approximately $150,000 each against J.F.M. 6090, Inc., JFM Spring LLC and JFM Sparta, LLC.

D.     **Pre-Petition Collateral.**  FFCC asserts a lien in the FFCC Collateral. In addition, the SBA asserts a security interests in all of the Debtors' assets.  The Debtors reserve the right to dispute these liens.

E.     **Cash Collateral.**  "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes, *inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in UCC Section 9-102(a)(64).

F.     **Necessity and Best Interest.**  Debtors represent that they do not have sufficient unencumbered cash or other assets with which to continue to operate their business in chapter 11. Debtors require immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan

4927-7532-4692, v. 1

(Page 4)

| | |
|---|---|
| Debtor: | J.F.M. 6090, INC.; JFM Spring LLC; JFM Sparta LLC d/b/a Burger King |
| Case No.: | 26-15123(JKS); 26-15124 (JKS); 26-15275(JKS) (Procedurally Consolidated) |
| Caption of Order: | Interim Order Authorizing Debtors' Use of Cash Collateral |

of reorganization.  The Debtors' use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to its estate pending a final hearing.  The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtors' budget, annexed hereto as **Exhibit A**.  The terms of the Debtors' use of the Collateral pursuant to this Interim Order are fair and reasonable, reflect the Debtors' exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.      **Purposes.**  Debtors are authorized to use cash collateral to meet the Debtors' ordinary cash needs for the payment of Debtors' actual expenses to (a) maintain and preserve its assets; and (b) continue operation of its business, including but not limited to payments as reflected in the Cash Collateral Budget.

The Court having determined there is a reasonable likelihood that Debtors will prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the Bankruptcy Code; and for good cause shown, it is

**ORDERED** as follows:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      **Use of Cash Collateral.**  Pending the Final Hearing, the Debtors are authorized, for the periods and in accordance with the Cash Collateral Budget annexed as **Exhibit A,** to use cash collateral for the following purposes:

a.      maintenance and preservation of their assets;

b.      the continued operation of their business;

4927-7532-4692, v. 1

(Page 5)

| | |
|---|---|
| Debtor: | J.F.M. 6090, INC.; JFM Spring LLC; JFM Sparta LLC d/b/a Burger King |
| Case No.: | 26-15123(JKS); 26-15124 (JKS); 26-15275(JKS) (Procedurally Consolidated) |
| Caption of Order: | Interim Order Authorizing Debtors' Use of Cash Collateral |

c.      adequate protection for FFCC; and

d.      any United States Trustee Fees due under 28 U.S.C. § 1930.

3.      **Adequate Protection.**   As adequate protection for use of cash collateral, the Lienholders are GRANTED:

a.      <u>Replacement Lien.</u>   As security for and to the extent of any aggregate post-petition diminution in value of the respective Collateral (including the Cash Collateral) (the "**Diminution in Value**"), the Lienholders are hereby granted, pursuant to Sections 361(2) and 363(c)(2) of the Bankruptcy Code, additional and replacement valid, binding, enforceable non-avoidable, and automatically perfected post-petition security interests in and liens (the "**Adequate Protection Liens**") on all property (including any previously unencumbered property), whether now owned or hereafter acquired or existing and wherever located, of Debtors and Debtors' estate, of any kind or nature whatsoever, real or personal, tangible or intangible, and now existing or hereafter acquired or created, and all products, proceeds and supporting obligations of the foregoing, to the extent and with the same priority in Debtors' post-petition collateral, and proceeds thereof that the Lienholders held in Debtors' pre-petition collateral (collectively, the "**Adequate Protection Collateral**").   The Adequate Protection Liens shall be subordinate only to valid, perfected, unavoidable and enforceable liens, if any, existing as of the Petition Date that are senior in priority to the prepetition liens of the Lienholders pursuant to applicable law.   Other than as specifically set forth above, the Adequate Protection Liens shall be senior to all other security interests in, liens on, or claims against any of the Adequate Protection Collateral.

b.      <u>Statutory Rights Under Section 507(b).</u>   To the extent of any Diminution in Value, the Lienholders shall have a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against Debtors under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

c.      <u>Deemed Perfected.</u>   The replacement lien and security interest granted herein are automatically deemed perfected upon entry of this Interim Order without the necessity of the Lienholders taking possession, filing financing statements, mortgages, or other documents.   Although not required, upon request by the Lienholders, the Debtor shall execute and deliver to the Lienholders any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Lienholders to be necessary in order to perfect the security interests and liens in Debtors' post-petition collateral and proceeds granted by this Interim Order, and the Lienholders are authorized to receive, file, and record the foregoing at the

4927-7532-4692, v. 1

(Page 6)

Debtor:                    J.F.M. 6090, INC.; JFM Spring LLC; JFM Sparta LLC d/b/a Burger King

Case No.:                  26-15123(JKS); 26-15124 (JKS); 26-15275(JKS) (Procedurally Consolidated)

Caption of Order:          Interim Order Authorizing Debtors' Use of Cash Collateral

Lienholders' own expense, which actions shall not be deemed a violation of the automatic stay. Said determination shall be binding upon the Debtors-in-Possession, but shall not bind any party in interest, including but not limited to the U.S. Trustee, or any official committees appointed in these case, which parties shall have sixty (60) days or such longer period as may be obtained for cause shown prior to the expiration of such period from the date of the final cash collateral order, to investigate the facts and bring any appropriate proceedings as representatives of the estate to contest the scope, validity, perfection and or amount of the claim.

d.    Periodic Accountings.   Within fourteen (14) days of the entry of this Interim Order, but not less than three (3) business days from the scheduled final hearing on the use of cash collateral, Debtors shall provide an accounting to the Lienholders setting forth the cash receipts and disbursements made by Debtors under this Interim Order.  In addition, Debtors shall provide the Lienholders all other reports required by the pre-petition loan documents and any other reports reasonably required by the Lienholders as well as copies of Debtors' monthly United States Trustee operating reports.  Upon appointment of a Creditor's Committee, if any, Debtors shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairperson of said Committee.

e.    Default Hearing.   In the event Debtors default or violates this Interim Order, the Lienholders are entitled to request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss, or damage may occur, an emergency hearing within 48 hours).  For purposes of this Interim Order, however, Debtors shall not be deemed to be in default for any deviation from the Cash Collateral Budget provided such deviation is plus/minus twenty-five percent (25%) the budgeted disbursements, either on a cumulative basis or with regard to any specified budgeted line item.

4.    **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

This is an interlocutory order.  Nothing contained herein shall be deemed or construed to (a) limit the Lienholders to the relief granted herein; (b) bar the Lienholders from seeking other and further relief (including without limitation relief from the terms of this Interim Order) for cause shown on appropriate notice to Debtors and other parties-in-interest entitled to notice of same; or (c) require the Lienholders to make any further loans or advances to Debtors. The Interim Order may be modified for cause shown by Debtors, the Lienholders or any other party-in-interest on

(Page 7)

| | |
|---|---|
| Debtor: | J.F.M. 6090, INC.; JFM Spring LLC; JFM Sparta LLC d/b/a Burger King |
| Case No.: | 26-15123(JKS); 26-15124 (JKS); 26-15275(JKS) (Procedurally Consolidated) |
| Caption of Order: | Interim Order Authorizing Debtors' Use of Cash Collateral |

due notice. No such modification, however, shall deprive the Lienholders of their interests in the Debtors' property (pre-petition and post-petition).

5.     **Relief from the Automatic Stay.**   The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified to the extent necessary to implement and effectuate the terms and conditions of this Interim Order.

6.     **FFCC Conditional Consent.**   FFCC conditionally consents to the use of cash collateral as contained herein and agrees not to file any other motions seeking relief from the automatic stay or other remedies premised upon the following: (i) approval of the revised budgets annexed hereto as Exhibit **"A"** which provide that FFCC shall receive $2,500 per month for each of the three (3) Chapter 11 cases totaling $7,500/month which payments shall be made on or before May 22, 2026, June 22, 2026 and July 22, 2026; and (ii) Debtors shall file either a sale motion under 11 U.S.C. §363 or a Disclosure Statement and Plan of Reorganization no later than July 15, 2026.   If either of these conditions are breached, FFCC may seek a hearing on shortened notice to revoke the use of cash collateral and pursue whatever other remedies it deems appropriate on notice to the Debtors and other interested parties.

## FINAL HEARING ORDER

**IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN** that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for Debtors on or before the 16th day of June 2026 a written objection and shall appear to advocate said objection at a Final Hearing to be held at **11:00 a.m.** (EST) on **June 23, 2026,** in Courtroom 3D of the United States Bankruptcy Court, 50 Walnut

4927-7532-4692, v. 1

(Page 8)

| | |
|---|---|
| Debtor: | J.F.M. 6090, INC.; JFM Spring LLC; JFM Sparta LLC d/b/a Burger King |
| Case No.: | 26-15123(JKS); 26-15124 (JKS); 26-15275(JKS) (Procedurally Consolidated) |
| Caption of Order: | Interim Order Authorizing Debtors' Use of Cash Collateral |

Street, Newark, New Jersey. If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing in accordance with Federal Rule of Bankruptcy Procedure 4001(d)(3).

## NOTICE ORDER

**IT IS FURTHER ORDERED** that Debtors serve a copy of this Interim Order and Notice by first class mail within one (1) business day from the date hereof, on (i) the Office of the United States Trustee; (ii) its secured creditors; (iii) the Debtor's twenty (20) largest unsecured creditors; (iv) any other parties claiming an interest in the cash collateral; (v) any statutory committee, if appointed, and (vi) any other party that requested notice.  Debtors shall immediately file with the Clerk a Certificate of Service of said mailing.

4927-7532-4692, v. 1

## Exhibit A

**Budget**

4927-7532-4692, v. 1

REVISED 5/14/26

### JFM 6090 INC

| | MAY 15 - JUNE 14 | JUNE 15 - JULY 14 | JULY 15 - AUG 14 |
|---|---|---|---|
| **Ordinary Income/Expense** | | | |
| **Income** | | | |
| 400 · Sales | $ 175,000 | $ 177,500 | $ 180,000 |
| | | $ - | |
| **Total Income** | $ 175,000 | $ 177,500 | $ 180,000 |
| **Cost of Goods Sold** | | | |
| 500-1 · Food | $ 47,250 | $ 47,350 | $ 47,450 |
| 500-10 · RTI Oil | $ 1,750 | $ 1,825 | $ 1,850 |
| 500-7 · Bimbo (Buns) | $ 3,510 | $ 3,550 | $ 3,575 |
| 500-8 · Carbon - NuCo2 | $ 525 | $ 525 | $ 525 |
| **Total COGS** | $ 53,035 | $ 53,250 | $ 53,400 |
| **Gross Profit** | $ 121,965 | $ 124,250 | $ 126,600 |
| **Expense** | | | |
| 700 · Crew Wages | $ 50,750 | $ 50,750 | $ 50,750 |
| 706 · Real Estate Taxes | $ 5,025 | $ 5,025 | $ 5,025 |
| 709 · Commission -Third Party Delivery | $ 6,150 | $ 6,150 | $ 6,150 |
| 711 · Utilities (Electric, Gas & Water) | $ 6,525 | $ 6,525 | $ 6,525 |
| 712 · Rents | $ 15,000 | $ 15,000 | $ 15,000 |
| 714 · Payroll Processing | $ 425 | $ 425 | $ 425 |
| 715 · Accounting Fees | $ 250 | $ 250 | $ 250 |
| 719 · Bank Charges | $ 150 | $ 150 | $ 150 |
| 721 · Insurace | $ 2,550 | $ 2,550 | $ 2,550 |
| 726 · Outside Services- Trash | $ 825 | $ 825 | $ 825 |
| 726-1 · Outside Services- LandScap | $ 375 | $ 375 | $ 375 |
| 726-2 · Outside Services- Hood Cleaning | $ 95 | $ 95 | $ 95 |
| 726-3 · Outside Services- Septic | $ 125 | $ 125 | $ 125 |
| 726-4 · Outside Services- Pest | $ 155 | $ 155 | $ 155 |
| 726-5 · Outside Services- POS | $ 250 | $ 250 | $ 250 |
| 726-6 · Outside Services- Snow | $ - | $ - | $ - |
| 729 · Repairs and Maintenance | $ 350 | $ 350 | $ 350 |
| 730 · Payroll - Soc Sec & Med Taxes | $ 5,150 | $ 5,150 | $ 5,150 |
| 742 · Fees, Licenses, Permits | $ 100 | $ 100 | $ 100 |
| 780 · Telephone, Internet & Cable | $ 275 | $ 275 | $ 275 |
| 785 · Credit Card Fees | $ 2,625 | $ 2,663 | $ 2,700 |
| 798 · Advertising - BKC | $ 7,120 | $ 7,100 | $ 7,200 |
| 799 · Royalty - BKC | $ 7,875 | $ 7,990 | $ 8,100 |
| 7000 -FFCC Adequate Protection | $ 2,500 | $ 2,500 | $ 2,500 |
| **Total Expense** | $ 114,645 | $ 114,778 | $ 115,025 |
| **Net Ordinary Income** | $ 7,320 | $ 9,473 | $ 11,575 |
| **Other Income/Expense** | | | |
| **Other Income** | | | |
| 800 · Dividend/ Commission | $ 1,350 | $ 1,350 | $ 1,350 |
| **Total Other Income** | $ 1,350 | $ 1,350 | $ 1,350 |
| **Net Other Income** | $ 1,350 | $ 1,350 | $ 1,350 |
| **Net Income** | $ 8,670 | $ 10,823 | $ 12,925 |

REVISED 5/14/26

## JFM SPRING LLC

| | MAY 15 - JUNE 14 | JUNE 15 - JULY 14 | JULY 15 - AUG 14 |
|---|---|---|---|
| **Ordinary Income/Expense** | | | |
| Income | | | |
| 400 · Sales | $ 172,500 | $ 175,000 | $ 178,000 |
| | | $ · | |
| Total Income | $ 172,500 | $ 175,000 | $ 178,000 |
| Cost of Goods Sold | | | |
| 500-1 · Food | $ 48,300 | $ 49,000 | $ 49,840 |
| 500-10 · RTI Oil | $ 2,158 | $ 2,188 | $ 2,225 |
| 500-7 · Simbo (Buns) | $ 2,586 | $ 2,625 | $ 2,670 |
| 500-6 · Carbon - NuCo2 | $ 375 | $ 375 | $ 375 |
| Total COGS | $ 53,419 | $ 54,188 | $ 55,110 |
| Gross Profit | $ 119,081 | $ 120,813 | $ 122,890 |
| Expense | | | |
| 700 · Crew Wages | $ 48,300 | $ 49,000 | $ 49,840 |
| 706 · Real Estate Taxes | $ 3,975 | $ 3,975 | $ 3,975 |
| 709 · Commission -Third Party Delivery | $ 5,975 | $ 5,975 | $ 5,975 |
| 711 · Utilities (Electric, Gas & Water) | $ 6,745 | $ 6,745 | $ 6,745 |
| 712 · Rents | $ 10,000 | $ 10,000 | $ 10,000 |
| 714 · Payroll Processing | $ 425 | $ 425 | $ 425 |
| 715 · Accounting Fees | $ 250 | $ 250 | $ 250 |
| 719 · Bank Charges | $ 145 | $ 145 | $ 145 |
| 721 · Insurace | $ 2,650 | $ 2,650 | $ 2,650 |
| 726 · Outside Services- Trash | $ 735 | $ 735 | $ 735 |
| 726-1 · Outside Services- LandScap | $ 375 | $ 375 | $ 375 |
| 726-2 · Outside Services- Hood Cleaning | $ 200 | $ 95 | $ 95 |
| 726-3 · Outside Services- Septic | $ 125 | $ 125 | $ 125 |
| 726-4 · Outside Services- Pest | $ 175 | $ 175 | $ 175 |
| 726-5 · Outside Services- POS | $ 250 | $ 250 | $ 250 |
| 726-6 · Outside Services- Snow | $ · | $ · | $ · |
| 729 · Repairs and Maintenance | $ 300 | $ 300 | $ 300 |
| 730 · Payroll - Soc Sec & Med Taxes | $ 4,755 | $ 4,810 | $ 4,895 |
| 742 · Fees, Licenses, Permits | $ 75 | $ 75 | $ 75 |
| 799 · Telephone, Internet & Cable | $ 500 | $ 500 | $ 500 |
| 785 · Credit Card Fees | $ 2,586 | $ 2,625 | $ 2,670 |
| 706 · Advertising - BKC | $ 6,900 | $ 7,000 | $ 7,120 |
| 709 · Royalty - BKC | $ 7,703 | $ 7,875 | $ 8,010 |
| 7000 · FFCC Adequate Protection | $ 2,500 | $ 2,500 | $ 2,500 |
| Total Expense | $ 105,705 | $ 106,605 | $ 107,630 |
| Net Ordinary Income | $ 13,376 | $ 14,208 | $ 15,060 |
| **Other Income/Expense** | | | |
| Other Income | | | |
| 800 · Dividend/ Commission | $ 1,100 | $ 1,100 | $ 1,100 |
| Total Other Income | $ 1,100 | $ 1,100 | $ 1,100 |
| Net Other Income | $ 1,100 | $ 1,100 | $ 1,100 |
| Net Income | $ 14,476 | $ 15,308 | $ 16,160 |

REVISED 5/14/26

## JFM SPARTA LLC

| | MAY 15 - JUNE 14 | JUNE 15 - JULY 14 | JULY 15 - AUG 14 |
|---|---|---|---|
| **Ordinary Income/Expense** | | | |
| Income | | | |
| 400 · Sales | $ 77,500 | $ 79,500 | $ 81,000 |
| | | $ | $ - |
| Total Income | $ 77,500 | $ 79,500 | $ 81,000 |
| Cost of Goods Sold | | | |
| 500-1 · Food | $ 20,250 | $ 20,250 | $ 20,350 |
| 500-10 · RTI Oil | $ 1,210 | $ 1,210 | $ 1,215 |
| 500-7 · Bimbo (Buns) | $ 1,050 | $ 1,050 | $ 1,060 |
| 500-8 · Carbon - NuCo2 | $ 110 | $ 110 | $ 110 |
| Total COGS | $ 22,620 | $ 22,620 | $ 22,735 |
| Gross Profit | $ 54,880 | $ 56,880 | $ 58,265 |
| Expense | | | |
| 700 · Crew Wages | $ 20,550 | $ 20,550 | $ 20,750 |
| 706 · Real Estate Taxes | $ 2,950 | $ 2,975 | $ 2,975 |
| 709 · Commission -Third Party Delivery | $ 2,050 | $ 2,050 | $ 2,150 |
| 711 · Utilities (Electric, Gas & Water) | $ 3,750 | $ 3,750 | $ 3,820 |
| 712 · Rents | $ 10,450 | $ 10,450 | $ 10,450 |
| 714 · Payroll Processing | $ 275 | $ 275 | $ 275 |
| 715 · Accounting Fees | $ 250 | $ 250 | $ 250 |
| 719 · Bank Charges | $ 150 | $ 150 | $ 150 |
| 721 · Insurace | $ 2,075 | $ 2,075 | $ 2,100 |
| 726 · Outside Services- Trash | $ 575 | $ 575 | $ 575 |
| 726-1 · Outside Services- LandScap | $ 250 | $ 250 | $ 250 |
| 726-2 · Outside Services- Hood Cleaning | $ 85 | $ 95 | $ 95 |
| 726-3 · Outside Services- Septic | $ 125 | $ 125 | $ 125 |
| 726-4 · Outside Services- Pest | $ 155 | $ 155 | $ 155 |
| 726-5 · Outside Services- POS | $ 250 | $ 250 | $ 250 |
| 729 · Repairs and Maintenance | $ 350 | $ 350 | $ 350 |
| 730 · Payroll - Soc Sec & Med Taxes | $ 2,150 | $ 2,150 | $ 2,150 |
| 742 · Fees, Licenses, Permits | $ 100 | $ 100 | $ 100 |
| 780 · Telephone, Internet & Cable | $ 375 | $ 375 | $ 375 |
| 785 · Credit Card Fees | $ 1,350 | $ 1,350 | $ 1,360 |
| 798 · Advertising - BKC | $ 3,375 | $ 3,480 | $ 3,590 |
| 799 · Royalty - BKC | $ 3,000 | $ 3,100 | $ 3,200 |
| 7000 -FFCC Adequate Protection | $ 2,500 | $ 2,500 | $ 2,500 |
| Total Expense | $ 57,140 | $ 57,380 | $ 57,995 |
| Net Ordinary Income | $ (2,260) | $ (500) | $ 270 |
| Other Income/Expense | | | |
| Other Income | | | |
| 800 · Dividend/ Commission | $ 825 | $ 825 | $ 825 |
| Total Other Income | $ 825 | $ 825 | $ 825 |
| Net Other Income | $ 825 | $ 825 | $ 825 |
| Net Income | $ (1,435) | $ 325 | $ 1,095 |